**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Antonio GASTELUM-JUAREZ,
Defendant-Appellant.**

No. 14-50473

United States Court of Appeals,
Ninth Circuit.

Submitted October 25, 2016 *

Filed November 03, 2016

Francis Anthony DiGiacco, Helen H. Hong, Assistant U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Michael L. Crowley, Crowley Law Group, APC, San Diego, CA, for Defendant-Appellant.

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Antonio Gastelum-Juarez appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Gastelum-Juarez argues that the district court erred in denying a minor role reduction to his base offense level under

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.S.G. § 3B1.2(b). After Gastelum-Juarez was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero–Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because we cannot determine from the record whether the district court considered all of those factors in determining whether Gastelum-Juarez was entitled to a minor role adjustment, we vacate Gastelum-Juarez's sentence and remand for re-sentencing under the Amendment. *See Quintero–Leyva*, 823 F.3d at 523–24.

**VACATED and REMANDED for re-sentencing.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.